CASEY *v.* NATIONAL BANK.

The ruling in *Casey* v. *Cavaroc* (*supra,* p. 467), as to what constitutes a valid pledge of securities, so far as third persons are concerned, applied to this case.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

This case arose upon a bill filed by Casey, receiver of the New Orleans National Banking Association, to recover certain notes and bills receivable claimed by the defendants, the National Park Bank of New York, and E. H. Reynes & Brother, to be held by way of pledge for certain advances made to the bank by the National Park Bank of New York. The Circuit Court dismissed the bill; and he appealed to this court.

*Mr. J. D. Rouse* and *Mr. Charles Case* for the appellant.
*Mr. Thomas Allen Clarke, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

This case is, in all essential respects, similar to that of *Casey* v. *Cavaroc, supra,* p. 467. On or about the 4th of June, 1873, E. H. Reynes, on behalf of the New Orleans National Banking Association, applied to the National Park Bank of New York for a loan of $150,000, upon the notes of the former, to be secured by a pledge of collaterals. On the 11th of June, the president of the Park Bank, at New York, addressed a letter to Charles Cavaroc, president of the New Orleans National Banking Association, in which he says: "Mr. E. H. Reynes has made an application for a loan to the New Orleans National Banking Association, to be secured by the bills receivable of the bank. We will loan you $75,000, payable Oct. 10, and $75,000, payable Oct. 20, next. As collateral to these notes, select $170,000 of your bills receivable of best known names; retain them as deposited by us, sending us a schedule and receipt for them, — as held in trust for us and subject to our order." On the 11th of June, Cavaroc, as president of the New Orleans Bank, sent to the Park Bank, in a letter, two notes of the former for $75,000, each payable as agreed, and a list of notes

and bills receivable, amounting to about $170,000, with a receipt appended thereto, as follows: —

"NEW ORLEANS, June 11, 1873.

"Received, in trust, for account of the National Park Bank of New York, from the New Orleans National Banking Association, $170,084.42, of bills receivable described in annexed statement; said bills receivable being given by the New Orleans National Banking Association, as collateral security of their notes, due respectively on the 10th and 20th of October next, 1873, each for the sum of $75,000, payable to the order of the National Park Bank of New York.                                C. CAVAROC, *President*."

In the letter in which these papers were enclosed, Cavaroc, after referring to the two notes, says: "I further enclose statement of $170,084.42, of bills receivable, held in trust and as collateral security for the punctual payment of the obligations of the bank, with a receipt for the same. As fast as the bills receivable will mature and be paid, I beg the privilege of substituting new collaterals, of which due notice will be given you." The Park Bank, in a letter of June 17, assented to this request, as follows: "You can make the change of collaterals you mention, advising us of the same, and that you hold the new paper the same as the old; viz., in trust." Thereupon the two notes were discounted, and the Bank of New Orleans drew the money therefor.

The bills receivable, specified in the list referred to, were placed in an envelope by the note clerk handed to Cavaroc, and by him handed to the cashier, who, for a while, kept them in the safe; but afterwards delivered them back to the note clerk for convenience of collecting and renewing those which matured. The same substitutions of particular notes and bills were made from time to time, as was done in case of the Societé de Crédit Mobilier, new lists were made, and finally they were delivered to Cavaroc after the failure of the bank, who handed them to E. H. Reynes & Co., to keep for the Park Bank of New York.

The bills were never removed from the bank, and were never indorsed by it, until the bank failed; and were always kept on the portfolio of bills receivable, without any entry on

the books or in the reports to show that they had been pledged.

It is evident that the same rule must be applied to this case which was applied in that of the Credit Mobilier. There was no such possession by or on behalf of the Park Bank as would constitute a valid pledge as to third persons.

The decree of the Circuit Court must be reversed, and the cause remanded with directions to enter a decree for the complainant below in conformity with this opinion; and it is

*So ordered.*

MR. JUSTICE SWAYNE, MR. JUSTICE FIELD, and MR. JUSTICE HARLAN dissented.